Mrs. Mittie L. DOWDEN, wife of James C. Dowden, Jr., acting in her capacity of provisional curator of the Estate of James C. Dowden, Jr., Appellant,

v.

SECURITY INSURANCE COMPANY OF NEW HAVEN, Continental Casualty Company, XYZ Insurance Company, Appellees.

No. 23073.

United States Court of Appeals Fifth Circuit.

June 7, 1967.

Irwin L. Tunis, New Orleans, La., for appellant.

P. A. Bienvenu, William P. Rutledge, Ernest L. O'Bannon, Bienvenu & Culver, New Orleans, La., for Security Insurance Company of New Haven, defendant-appellee.

Before THORNBERRY and COLEMAN, Circuit Judges, and YOUNG, District Judge.

GEORGE C. YOUNG, District Judge:

Plaintiff-appellant, Mittie L. Dowden, brings this action as provisional curator of the estate of her mentally incompetent husband, James C. Dowden, Jr. On December 17, 1963, James C. Dowden, Jr., an employee of W. M. Chambers Truck Lines, Inc., was injured when his tractor-trailer left Highway I-59, and overturned, some five miles north of Pearl River, Louisiana. At the time of the accident, W. M. Chambers Truck Lines, Inc., was under the joint management and control of Chambers, Hearin Truck Lines, Inc., and Miller Transport Co. As permitted by Louisiana statute, this action was brought directly against Security Insurance Co., (appellee herein), Continental Casualty Co., and XYZ Insurance Co. (real name unknown), insurers of Chambers, Hearin, and Miller respectively.

The complaint alleges that fellow employees of Dowden, acting within the scope of their employment, were negligent in improperly scheduling the trip that resulted in the accident, and in improperly inspecting the accident vehicle prior to the trip. The complaint further alleges that these negligent acts took place on the premises of the employer.

There is no doubt that employees of W. M. Chambers Truck Lines, Inc., are additional insureds under the general comprehensive liability policy issued by Security Insurance Company.[1] However, Security moved to dismiss the cause against it on the ground that the complaint failed to state a claim upon which relief could be granted, in that Security's policy provided coverage only for occurrences taking place on the premises of W. M. Chambers Truck Lines, Inc. This appeal was taken from the order granting that motion.

■ The question presented here is whether the general comprehensive liability policy issued by Security Insurance Company provides coverage to employees of W. M. Chambers Truck Lines, Inc., for liability arising out of an accident taking place on a public highway attributable to negligence occurring on the premises of W. M. Chambers Truck Lines, Inc. We think that it does not.

The insuring agreement provides in pertinent part:

"1. Coverage A—Bodily Injury Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of bodily injury, sickness, or disease, including death at any time resulting therefrom, sustained by any person and caused by accident.

\* \* \* \* \* \*

'Occurrence' Basis Endorsement #2: It is agreed that such insurance as is afforded by the policy for Bodily Injury Liability applies subject to the following provisions:

1. The words 'and caused by accident' are deleted and elsewhere the word 'accident" is amended to read 'occurrence.'

1. Endorsement #1:
   "It is hereby understood and agreed that the policy is amended to provide coverage to the employees, only while acting in the scope of their employment, as additional insureds."

2. 'Occurrence' means an event, or continuous or repeated exposure to conditions, which unexpectedly causes injury during the policy period. All such exposure to substantially the same general conditions existing at or emanating from each premises location shall be deemed one occurrence.

\* \* \* \* \* \*

Exclusions:

This policy does not apply: \* \* \* (c) Except with respect to operations performed by independent contractors and except with respect to liability assumed by the insured under a contract as defined herein, to the ownership, maintenance, operation, use, loading or unloading of \* \* \* (2) automobiles if the accident occurs away from (the) premises or the ways immediately adjoining."

\* \* \* \* \* \*

On the basis of Exclusion C above, Security argues it is relieved of any liability. The exclusion as read without the amendment of "Occurrence Basis Endorsement #2", sustains appellee's position. Service Welding & Machine Co., Inc. v. Michigan Mutual Liability Co., 311 F.2d 612 (6th Cir. 1962); but see, Employers' Liability Assurance Corp., Ltd. v. Youghiogheny & Ohio Coal Co., 214 F.2d 418 (8th Cir. 1954).

However, the question arises whether the substance of Exclusion C is materially affected by the substitution of the word "occurrence" as defined in "Occurrence Basis Endorsement #2" for the word "accident". This very question was presented to the Ninth Circuit Court of Appeals in Upper Columbia River Towing Co. v. Maryland Casualty Co., 313 F.2d 702 (9th Cir. 1963). There the Court stated:

"Appellant argues that by virtue of the substituting 'occurrence' for 'accident' the place where the cause of the accident arose, and not the place of the accident, became controlling. \* \* \* We do not agree with appellant's interpretation and hold that the term 'occurrence', as used in the policy, relates to the event upon which the liability of the appellant was predicated. (citation omitted) \* \* \* If these injuries occurred away from the premises owned, rented or controlled by appellant, Exclusion D of the policy was applicable."

 In the absence of a Louisiana decision in this diversity case, we follow the lead of the Sixth and Ninth Circuits,[2] and not that of the Eighth Circuit[3] in agreeing that the focal point of coverage is not the place of the negligence, but the place of the accident. The decision of the lower court is

Affirmed.

---

2. Service Welding & Machine Co., Inc. v. Michigan Mutual Liability Co., 311 F. 2d 612 (6th Cir. 1962); Upper Columbia River Towing Co. v. Maryland Casualty Co., 313 F.2d 702 (9th Cir. 1963).

3. Employers' Liability Assurance Corp., Ltd. v. Youghiogheny & Ohio Coal Co., 214 F.2d 418 (8 Cir. 1954).